No. 3247.—J. A. PAYNE *v.* E. SPILLER, Administrator.—WARREN & CRAWFORD, Intervenors.

Privileges in favor of the furnisher of supplies to a plantation spring only from the law that confers them. They can not be the subject of contract. An acknowledgment of the administrator that the creditor has a privilege on the crop made by the estate which he is administering can not, therefore, be recognized as conferring a lien on the cotton made on the place, unless it be shown that he, the creditor, has furnished the supplies to make it.

APPEAL from the District Court, parish of Livingston. *Ellis, J. E. J. Ellis,* for plaintiff and appellee. *T. C. W. Ellis,* for defendant and appellant. *W. B. Kemp,* for intervenors and appellants.

HOWELL, J. Plaintiff sues for the balance of an account for supplies and cash advanced to make the crop of 1867, and claims a privilege on the proceeds thereof.

To this demand the administrator pleads a general denial, and claims in reconvention twenty-one bales, or the proceeds, which were inventoried in the warehouse of plaintiff as the property of the succession, and were sold by plaintiff and not accounted for.

Warren & Crawford, judgment creditors of the succession, intervened to resist plaintiff's demand, on the ground that the administrator could not bind the succession, but is personally liable. Judgment was given in favor of plaintiff, and the other two parties appealed.

The record shows that Levi Spiller, before his death, in the early part of 1867, contracted with plaintiff, a merchant in Baton Rouge, for supplies necessary in making the crop of that year; that after his death the arrangement was continued by the administrator; that prior to and soon after Levi Spiller's death, twenty-one bales of his crop of 1866 came into the possession of plaintiff, five thereof having been placed there by himself and sixteen by the widow after his death; the sixteen were shipped by plaintiff to New Orleans, and the net proceeds, with those of one bale of the crop of 1867, credited on the account in suit. The five were seized in the suit of another party, and, by consent, the plaintiff sold them and now holds the proceeds. He claims that the widow and administrator authorized him to sell the sixteen bales of the crop of 1866 and place the proceeds to the credit of the account against the succession, but admits that at the time he received them the succession owed him nothing.

Having contracted, as he testified, with the deceased to advance on and for the crop of 1867, it was not in the power of the widow and administrator to so change the agreement and dispose of the property as to extend the privilege accorded by law to the injury of other creditors of the succession, which is admitted to be insolvent. A privilege of this kind can not be created by contract. It springs only from the law, and must be enforced under the law. The cotton on which plaintiff has a privilege has been sold in the succession, and he must be referred to the account of the administrator to obtain that privilege, and must be held to account for the proceeds of the cotton sold by him upon which he has no privilege. To give him credit for the whole of those proceeds, as set out in his own account, might prejudice other concurrent or superior privileges, as suggested by the administrator.

Under the pleadings and the evidence, the proper judgment will be one in favor of plaintiff for the whole of his account, so far as legal, less the proceeds of one bale of the crop of 1867, with privilege of furnisher of supplies on the proceeds of the crop of 1867, and judgment in favor of the succession ordering him to account for the proceeds of the cotton of 1866, which seem to amount to more than those of the crop of 1867. According to his testimony, he has charged, by contract, twelve per cent. on the whole amount of his account, and, in addi-

32

tion. he has charged commission on his account. This is illegal, and he must, under the law, forfeit all interest.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff have judgment against Elisha Spiller, administrator of the succession of Levi Spiller, deceased, for seventeen hundred and nineteen dollars and eighty cents ($1719 80), with the privilege of a furnisher of supplies on the proceeds of the crop of 1867, and costs in the lower court, to be paid in due course of administration. It is further ordered that on the reconventional demand of defendant, there be judgment ordering plaintiff to pay to defendant any surplus in his hands of the proceeds of the twenty-one bales of cotton of the crop of 1866 over those of the crop of 1867, coming to him by virtue of the privilege accorded to him herein, without prejudice to the rights of others thereon. It is further ordered that the intervention of Warren & Crawford be dismissed, at their cost; plaintiff and intervenors to pay cost of appeal.